# FERNAND HARVEY *v.* BOEHRINGER INGELHEIM CORPORATION ET AL.
## (AC 17566)

Landau, Hennessy and Sullivan, Js.

1

Argued September 28, 1998—officially released February 23, 1999

*Kevin F. Morin*, with whom, on the brief, was *Patrick T. Treacy*, for the appellants (named defendant et al.).

*Gerald T. Giaimo*, with whom, on the brief, was *Miles N. Esty*, for the appellee (intervening plaintiff).

*Opinion*

SULLIVAN, J. The defendants Boehringer Ingelheim Corporation (Boehringer) and W.E. O'Neil Construction Company (O'Neil) appeal from the judgment granting the motion for summary judgment filed by the intervening plaintiff, Peter Gisondi & Company (Gisondi). On appeal, Boehringer and O'Neil claim that the trial court improperly found that no genuine issue of material fact existed as to their three count counterclaim against Gisondi and that Gisondi was entitled to judgment as a matter of law. We reverse the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. On August, 4, 1992, Gisondi and O'Neil,

which had entered into a construction contract with Boehringer, entered into a written contract pursuant to which Gisondi agreed to paint and perform related work at the Boehringer Ingelheim Pharmaceutical, Inc., facility at 900 Ridgebury Road in Ridgefield. The plaintiff, Fernand Harvey, was hired by Gisondi to work there as a painter.[1] On December 31, 1993, the plaintiff slipped and fell in the parking lot of the facility.

Thereafter, the plaintiff brought suit against Boehringer, as the owner of the property at the time of the accident, and against O'Neil and Turner Construction Company[2] pursuant to their construction contracts with Boehringer, for alleged personal injuries arising from the slip and fall. On February 22, 1996, Gisondi, as the plaintiff's employer, filed an intervening complaint seeking recovery of the workers' compensation benefits that it had paid to the plaintiff. Subsequently, on April 11, 1996, Boehringer and O'Neil filed an answer and a three count counterclaim against Gisondi. In the first count of the counterclaim, they seek contractual indemnification from Gisondi. The second and third counts of the counterclaim allege breach of contract claims for failure to provide additional insurance coverage and a safe workplace.

On May 7, 1997, Gisondi filed a motion for summary judgment as to Boehringer's and O'Neil's counterclaim, which was granted on July 23, 1997. This appeal followed.

Before turning to the merits of this appeal, we note that our standard of review on appeal following a trial court's granting of summary judgment is well established. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any

[1] Fernand Harvey is not a party to this appeal.

[2] Turner Construction Company is not a party to this appeal.

material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. A "material fact" is a fact that will make a difference in the result of the case. See *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 489, 280 A.2d 359 (1971).

The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980). Pursuant to Practice Book §§ 17-45 and 17-46, the party adverse to such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) *Connell* v. *Colwell*, 214 Conn. 242, 246–47, 571 A.2d 116 (1990).

"While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Norse Systems, Inc.* v. *Tingley Systems, Inc.*, 49 Conn. App. 582, 591, 715 A.2d 807 (1998).

"Equally well settled is that the trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Citations omitted; internal quotation marks omitted.) *Fleet Bank, N.A.* v. *Galluzzo*, 33 Conn. App. 662, 666, 637 A.2d 803, cert. denied, 229 Conn. 910, 642 A.2d 1206 (1994).

## I

In support of their claim that summary judgment was improper, Boehringer and O'Neil argue that there are genuine issues of material fact as to whether the plaintiff's injuries were caused by, resulted from, arose out of or occurred in connection with his work for Gisondi. We agree with Boehringer and O'Neil and conclude that the summary judgment rendered by the trial court should be reversed.

In the first count of their counterclaim, Boehringer and O'Neil seek indemnification from Gisondi pursuant to article XX of the contract. The contract between Gisondi and O'Neil provided for indemnification of O'Neil and others for harm suffered in connection with the execution of work at the facility.[3]

---

[3] Article XX of the contract provides in relevant part: "To the fullest extent permitted by law, the Subcontractor assumes the entire responsibility and liability for any and all liability and damage or injury of any kind or nature whatever (including death resulting therefrom) to all persons, whether employees of the Subcontractor or otherwise, and to all property caused by, resulting from, arising out of, or occurring in connection with the Subcontractor's (or sub-subcontractor's) execution of the Work. If any claims for such damage or injury (including death resulting therefrom) shall be made or asserted, the Subcontractor agrees to indemnify and save harmless the Contractor, W.E. O'Neil Construction Company of Connecticut, O'Neil Industries, Inc., the Owner and Others required in the contract documents, their officers, agents, servants and employees (hereinafter referred to in this Article collectively as "Indemnitees") from and against any and all loss, cost, expense, liability, damage or injury including legal fees and disbursements that the Indemnitees may directly or indirectly sustain, suffer or incur as a result thereof. . . ."

In count one of their counterclaim, Boehringer and O'Neil allege that "[a]t the time of his fall, the plaintiff Harvey, was an employee of the intervening plaintiff, Gisondi, and Mr. Harvey was present on the [Boehringer] premises on the day of his fall for the sole purpose of pursuing his employment responsibility to Gisondi. . . . Gisondi was, at all times relevant to this counterclaim, in control of both Mr. Harvey and the work area where Mr. Harvey allegedly fell, to the exclusion of the defendants."

In granting Gisondi's motion for summary judgment as to the first count of the counterclaim, the trial court found that there was no allegation in the first party complaint that the injuries were occasioned by, or resulted from, Gisondi's work. We conclude that the trial court's reliance on the allegations in the original complaint was misplaced. Instead, the allegations of Boehringer's and O'Neil's counterclaim are at issue here.

Moreover, in its motion for summary judgment, Gisondi did not establish through the pleadings, affidavits or any other proof that the plaintiff's injuries were not caused by, resulted from, arose out of or occurred in connection with his work for Gisondi and therefore that Gisondi was not obligated under the contract to indemnify Boehringer and O'Neil. The issue remains whether the plaintiff's accident was sufficiently connected to Gisondi's work so that the contractual indemnification provisions would apply. This is a genuine issue of material fact; therefore, we conclude that summary judgment was improperly granted as to count one of the counterclaim.

In granting the motion for summary judgment, the trial court also found that no material fact existed as to Boehringer's and O'Neil's claim for contractual indemnification, as they are barred from recovering

because of their own negligence. The trial court articulated that "Harvey can only recover based on the allegations of his complaint. The complaint alleges negligence on the part of O'Neil and Boehringer by allowing snow to accumulate on the parking lot. As stated in *Rodriguez* v. *Gilbertie*, 33 Conn. Sup. 582, 584–85, 363 A.2d 759 (1976), '[the contractual] provision is of no avail in insulating the defendants from the consequences of their own negligence, however, since a party cannot by contract relieve himself of such liability.' Therefore, a party cannot be indemnified for his own negligence."

The trial court relied solely on the allegations of the plaintiff's original complaint in discerning the validity of Boehringer's and O'Neil's counterclaim. The trial court determined that the failure of the plaintiff to make allegations in his original complaint pertaining to Gisondi's negligence barred Boehringer and O'Neil from seeking contractual indemnification, as the only allegations were based on their own negligence. The trial court's reliance on the original complaint, however, is misplaced.

In their counterclaim, Boehringer and O'Neil allege that Gisondi was negligent, as the subcontractor in control, to the exclusion of Boehringer and O'Neil, of the work area where the plaintiff fell. It is the alleged negligence of Gisondi for which Boehringer and O'Neil seek to be indemnified and not their own alleged negligence.

Moreover, the plaintiff, as an employee of Gisondi, was entitled to receive and did receive benefits pursuant to the Workers' Compensation Act. General Statutes § 31-275 et seq. Consequently, he has no cause of action against his employer, Gisondi. General Statutes (Rev. to 1993) § 31-284 (a).[4] Thus, the plaintiff was barred

[4] General Statutes (Rev. to 1993) § 31-284 (a) provides: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an

from bringing a negligence claim against Gisondi in his original complaint.

We conclude that count one of Boehringer's and O'Neil's counterclaim does not seek contractual indemnification for Boehringer's and O'Neil's own alleged negligence, but rather, the indemnification sought by Boehringer and O'Neil in their counterclaim is for the alleged negligence of Gisondi.

We also address Gisondi's argument in support of the trial court's granting of the motion for summary judgment, as to the first count of Boehringer and O'Neil's counterclaim, that their failure to file an affidavit in support of their objection to summary judgment was a fatal flaw. Boehringer's and O'Neil assert that the motion for summary judgment was not sufficiently supported by affidavits and, thus, the burden of proof did not shift to them, the nonmoving parties. We agree and conclude that Boehringer's and O'Neil's failure to file supporting affidavits was not a fatal flaw to their objection to the motion for summary judgment.

"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book § 17-45], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon *the facts stated in the affidavit of the movant. Kakadelis* v. *DeFabritis,* 191

---

employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

Conn. 276, 280–81, 464 A.2d 57 (1983)." (Emphasis added; internal quotation marks omitted.) *Desnoyers* v. *Wells*, 4 Conn. App. 666, 667–68, 496 A.2d 237 (1985). In the present case, Gisondi filed only the affidavit of its executive vice president, Tony Gisondi, and attached, as an exhibit, the contract between Gisondi and O'Neil. The affidavit submitted by Gisondi merely verified that the contract was the one entered into by Gisondi and O'Neil. Additionally, the affidavit provided that the contract was drafted and prepared by O'Neil, and not Gisondi.

Thus, Gisondi's affidavit did not dispense with any genuine issues of material fact raised in Boehringer's and O'Neil's counterclaim or raised by the attached contract. As such, Boehringer and O'Neil were not required to set forth the existence of any genuine issue of material fact with supporting affidavits.

Additionally, even if we assume arguendo that Gisondi sufficiently supported its motion for summary judgment with Tony Gisondi's affidavit, Boehringer's and O'Neil's failure to file an affidavit in support of their objection to the motion for summary judgment does not automatically mean that the motion will be granted. Rather, the trial court is entitled to rely on those facts set forth in Gisondi's affidavit. See id. Here, those facts that can be relied on do not dispose of any genuine issue of material fact raised by Boehringer's and O'Neil's counterclaim or those raised by the contract. Thus, Boehringer's and O'Neil's failure to file an affidavit in support of their objection to summary judgment was not a fatal flaw.

## II

Boehringer and O'Neil alleged in the second count of their counterclaim that Gisondi breached the contract in failing to provide additional insurance coverage. The contract expressly provided for Gisondi, as the

subcontractor, to purchase a commercial general liability insurance policy to cover the indemnification agreement set forth in the contract and to provide coverage for O'Neil and O'Neil Industries, Inc., as additional insureds.[5]

In their counterclaim, Boehringer and O'Neil allege that "Gisondi failed to provide the insurance coverage required under Article XXI of the contract in breach of such agreement." On appeal, Boehringer and O'Neil argue that summary judgment was improperly granted as to count two of their counterclaim because a genuine issue of material fact exists as to this breach of contract claim. We agree.

The trial court articulated with regard to its granting of Gisondi's motion for summary judgment as to this count of Boehringer's and O'Neil's counterclaim that, "since the plaintiff's allegations of negligence against Boehringer and O'Neil do not allege any operations performed or incidents relating to Gisondi or arising out of [its] work, this provision is inapplicable."

Again, we find that the trial court's reliance on the allegations in the plaintiff's original complaint is misplaced. Instead, the genuine issue of material fact raised by this breach of contract claim is whether insurance was provided by Gisondi as required by the contract. This issue is not resolved by Gisondi in its motion for summary judgment. Further, the trial court does not address this issue. Thus, we find that a genuine issue of material fact as to Boehringer's and O'Neil's second count of their counterclaim remains.

[5] Article XXI, paragraph G, of the contract provides: "Article XXI shall be interpreted to require a subcontractor to obtain insurance to cover the indemnity provisions within Article XX, and to create a separate and independent duty to procure or purchase insurance for insureds as is set forth above. In this regard, nothing in this agreement shall be deemed or interpreted to abrogate or diminish the subcontractor's duty to procure or purchase insurance for the insureds."

## III

Boehringer's and O'Neil's third count of their counter-claim asserts a breach of contract claim against Gisondi for failure to provide a safe workplace. The contract provides that Gisondi will be responsible for providing a safe workplace for all employees.[6]

In count three of their counterclaim, Boehringer and O'Neil allege that, pursuant to article XV of the contract, "Gisondi failed to take all reasonable precautions to protect its employee from injury during the performance of its work on the project by failing to provide a safe and secure path for entry and exit to [Boehringer's] building during the performance of Gisondi's work." On appeal, Boehringer and O'Neil argue that a genuine issue of material fact exists as to whether Gisondi breached the contract. We agree.

As to the third count of Boehringer's and O'Neil's counterclaim, the trial court stated that "[t]here is no allegation that this injury was occasioned by Gisondi's work." Again, we find the trial court's focus on the allegations of the plaintiff's original complaint mis-placed.

Boehringer's and O'Neil's claim that Gisondi breached the contract is not resolved by looking to the allegations of the plaintiff's complaint. The terms of the contract and facts concerning Gisondi's performance of that contract are at issue here, and, thus, we find that a genuine issue of material fact remained concerning Boehringer's and O'Neil's claim that Gisondi breached the contractual provision requiring him to provide a safe workplace.

---

[6] Article XV of the contract provides in relevant part: "Safety: The subcontractor, at his own expense, at all times shall take all reasonable precautions to protect persons or property at or adjacent to the site from damage, loss or injury resulting from subcontractor, his employees or agents' performance of the work or obligations under its agreement."

Accordingly, because factual issues exist as to all three counts of Boehringer's and O'Neil's counterclaim, we find that the trial court improperly granted Gisondi's motion for summary judgment. We therefore reverse the trial court's granting of Gisondi's motion for summary judgment because the trial court improperly found that no genuine issues of material fact existed as to each count of Boehringer's and O'Neil's counterclaim.

The judgment is reversed and the case is remanded with direction to deny the intervening plaintiff's motion for summary judgment and for further proceedings according to law.

In this opinion the other judges concurred.