[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (# 122) DATED SEPTEMBER 23, 1999
On or about July 21, 1995, the plaintiff was rear ended on a highway ramp by Jennifer Merrill, sustaining personal injuries. The plaintiff commenced suit against Merrill in Superior Court, judicial district of Fairfield at Bridgeport, which suit is still pending. In addition to that suit, the plaintiff has brought the present action, a two count amended complaint filed on October 2, 1998. Based on his own policy, the plaintiff seeks underinsured motorist benefits in the event he exhausts Merrill's liability coverage. At the time of the accident, the plaintiff was operating a vehicle that was insured by the defendant, Hartford Casualty Insurance Company, under a policy with underinsured motorist liability coverage with a $100,000 per person limit. The policy covers two cars and shows a premium for each car. The defendant contends the policy limit to the liability coverage is $100,000. The plaintiff claims the policy limit is $200,000 by virtue of conversion coverage.
On September 23, 1999, the defendant filed a motion for summary judgment including a memorandum in support of the motion. The plaintiff has filed a memorandum in objection to the Motion.[1]
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) HertzCorp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820
(1998). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Harvey v. BoehringerCT Page 2914Ingelheim Corp. , 52 Conn. App. 1, 5, 724 A.2d 1143 (1999).
"Intra policy stacking is the aggregation of the limits of liability for under insured motorist coverage of each automobile covered under one insurance policy." (Citation omitted.) ColonialPenn Ins. Co. v. Bryant, 245 Conn. 710, 714 n. 5, 714 A.2d 1209
(1998). However, "[f]inally, P.A. 93-297, entitled An Act Concerning Automobile Insurance Reform, made comprehensive changes to the law of uninsured motorist coverage. Among other things, the act abolished intra-policy and inter-policy stacking. . . ." Colonial Penn Ins. Co. v. Bryant, supra, 722.
General Statutes § 38a-336 (d) provides in relevant part: "Regardless of the number of policies issued, vehicles orpremiums shown on a policy, premiums paid, persons covered, vehicles involved in an accident, or claims made, in no event
shall the limit of liability for uninsured and under insured motorist coverage applicable to two or more motor vehicles covered under the same or separate policies be added together to determine the limit of liability for such coverage available to an injured person or persons for any one accident." (Emphasis added.) The legislative history of Public Act 93-297 is instructive on the legislature's intent towards stacking. "If there's any ambiguity at all in the statute, I don't think it's ambiguous, but it is intended to apply in all cases and stacking in all cases is intended to be abolished." 36 S. Proc., Pt. 13, 1993 Sess., p. 4648, remarks of Senator George C. Jepsen. "While it maybe in the interest of the Trial Bar to retain stacking, I don't believe, as a matter of public policy, that it can be reasonably or logically defended . . . ." 36 H. Proc., Pt. 27, 1993 Sess. p. 9688, remarks of Representative Dale W. Radcliffe.
The defendant argues it is entitled to summary judgment because General Statutes § 38a-336 (d) prohibits stacking. The defendant further asserts that the plaintiff was on notice that the policy adopted and incorporated the no-stacking prohibition. The plaintiff responds that he is entitled to liability coverage of $200,000 based on the inconsistency of certain provisions in the policy.
To adjust their policies to reflect the no-stacking enactment by the legislature, the defendant incorporated into its policy the following supplement. Endorsement A-5407, entitled Limits of Liability, reads in pertinent part: "The limit of liability shown in the Schedule or in the Declarations for each person for CT Page 2915 Uninsured/Under insured Motorists Coverage is our maximum limit of liability for all damages, including damage for loss of care, loss of services or death, arising out of bodily injury sustained by any one person in any one accident. Subject to this limit for each person; the limit of liability shown in the Schedule or in the Declarations for each accident Uninsured/Under insured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident." (Emphasis added.)
The plaintiff argues that General Statutes § 38a-336 (d) and Endorsement A-5407 do not apply to the present case since another provision in the policy is controlling. The plaintiff contends that Endorsement A-5112 of the policy establishes that he is entitled to $200,000. Endorsement A-5112 reads in pertinent part: "The limit of liability for Uninsured Motorists Coverage shown in the Declarations for each person multiplied by the number ofpremiums shown, is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability for Uninsured Motorists Coverage shown in the Declarations for each accident multiplied by the number of premiums shown, is our maximum limit of liability for all damages for bodily injury resulting from any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made: 3. Vehicles or premiums shown in the Declaration; or 4. Vehicles involved in the accident." (Emphasis added.)
Research indicates no precedent or memoranda of decision on point. General Statutes § 38a-336 (d) controls the result in the present case. The legislature chose unambiguous language to establish its intent regarding intra-policy stacking. Even if the court were to construe the language of Endorsement A-5112 of the policy in favor of the plaintiff, the court cannot allow the plaintiff to stack policies in violation of § 38a-336 (d). By arguing that he is entitled to liability coverage "multiplied by the number of premiums shown," the plaintiff is trying to accomplish exactly what General Statutes § 38a-336 (d) bars. By utilizing such specific language as "regardless" and "in no event," the legislature intended for there to be no intra-policy stacking even in the face of conflicting provisions in one CT Page 2916 policy. Accordingly, because stacking within uninsured/under insured motorist coverage is not allowed, the defendant's motion for summary judgment is granted.
JOHN W. MORAN, JUDGE