[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 127)
The complaint alleges the following facts. On August 17, 1995, at approximately 2:30 p. m., the plaintiff, Terrell Fleming, was riding her bicycle on Carison Road in Bridgeport. The plaintiff struck a hole in the roadway that caused her to fall off the bicycle. As a result of her fall the plaintiff suffered serious injuries.
On July 13, 1997, the minor plaintiff, by her mother and next friend Brenda Fleming, filed a three count complaint against the city of Bridgeport, 0 G Industries, Inc. (0 G) and Metcalf Paving, Inc. (Metcalf).[1] On October 27, 1999, 0 C filed a motion for summary judgment on the second count of the plaintiff's complaint. 0 G has submitted a memorandum in support of the motion and the plaintiff has submitted an affidavit in opposition thereto. 0 G has also submitted a reply memorandum.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are CT Page 4670 insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment. Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. Great Country Bank v. Pastore,241 Conn. 423, 435-36, 696 A.2d 1254 (1997). Further,
 "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book § 17-45], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Emphasis in original; internal quotation marks omitted.)
Harvey v. Boehringer Ingelheim Corp. , 52 Conn. App. 1, 8,724 A.2d 1143 (1999).
O G, the contractor hired to make repairs and/or repave Carison Road, moves for summary judgment on the ground that it did not owe the plaintiff a duty of care because it did not commence construction at the location where the accident occurred until after August 17, 1995, the date of the accident. In support of its motion, 0 G submits the affidavit of John Leverty, its executive vice president. In the affidavit Leverty affirms that he was aware of all 0 G's construction projects and that on the date of the accident 0 G did not have a contract to repair and/or repave Carlson Road. Leverty also affirms that 0 G did not create the hole in the roadway. Furthermore, he affirms that 0 G was not responsible for the maintenance, inspection or warning the public about the conditions on Carlson Road untilafter the date of the accident.
The plaintiff argues, in response, that there is a question of fact as to whether 0 G controlled or was responsible for the maintenance of Carlson Road on the date the accident occurred. The plaintiff argues that the defendant City of Bridgeport failed to respond to a request for admission. Therefore, she argues that pursuant to Practice Book § 13-22 et seq., the facts contained therein, are deemed admitted. (See Plaintiff's Exhibit B.) Thus, the plaintiff argues that a question of fact exists because of the city's admission that 0 G controlled and/or was responsible for the maintenance of Carlson Road on the date of the accident. (See Plaintiff's Exhibit B.) CT Page 4671
The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. Contained within the first element, duty, there are two distinct considerations. First, it is necessary to determine the existence of a duty, and then, if one is found, it is necessary to evaluate the scope of that duty. The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 566-67, 707 A.2d 15 (1998). A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a "special relationship" between the plaintiff and the defendant. Burns v.Board of Education, 228 Conn. 640, 646 (1944). A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. Id.
Pursuant to Practice Book § 238 (now § 13-22), a party may serve on any other party a request for admission of the truth of any matter relevant to the disposition of the pending action. Generally, any matter admitted by the party to whom the request is made is conclusively established. Admissions obtained may be offered into evidence, but their admissibility is subject to evidentiary principles, including the hearsay rule. Baughman v.Collins, 56 Conn. App. 34, 39, ___ A.2d ___ (1999). "Under the admissions of a party opponent exception to the hearsay rule, evidence must be offered against the party that made theadmission." (Emphasis added.) Martins v. Connecticut Light Power Co., 35 Conn. App. 212, 228, 645 A.2d 557, cert. denied,231 Conn. 915, 648 A.2d 154 (1994); see also Metro North CommuterRailroad v. Tanz, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135960 (March 7, 1997,D'Andrea, J.) (holding that the conclusive effect of the defendant's failure to respond to a request for admission is admissible only against that party and may not be used to establish the liability of the co-defendant).
Here, the plaintiff relies upon the conclusive effect of the City of Bridgeport's failure to respond to a request for CT Page 4672 admission. However, the conclusive effect of the city's failure to respond is inadmissible, as against O G, under the admission of a party opponent exception to the hearsay rule because 0 G did not make the admission. See Martins v. Connecticut Light Power Co., supra, 35 Conn. App. 223. In fact the plaintiff served O G with an almost identical request for admission, to which O G denied that it had control and/or was responsible for the maintenance and upkeep of Carlson Road on the date of the accident. (See Plaintiff's Exhibit C.)
Furthermore, Leverty's affidavit supports 0 G's contention that on the date the accident occurred it did not control and was not responsible for the maintenance of Carlson Road. Since the plaintiff has not filed a counter-affidavit or other admissible evidence to substantiate her claim that there is a genuine issue of fact on the issue of O G's control and or maintenance of Carlson Road; see Great Country Bank v. Pastore, supra,241 Conn. 435-36; the court is entitled to rely upon the facts stated in Leverty's affidavit. See Harvey v. Boehringer Ingelheim Corp. , supra, 52 Conn. App. 8. Because 0 G did not control and/or maintain Carlson Road on the date of the accident for the reasons already expressed, it did not owe the plaintiff a duty of care and the plaintiff cannot recover in negligence against it. SeeMaffucci v. Royal Park Ltd. Partnership, supra, 243 Conn. 567. Accordingly, O G's motion for summary judgment on the second count of the plaintiff's complaint is hereby GRANTED.
MELVILLE, J.