[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#124)
On October 10, 1999, the plaintiff PDC Associates, filed a complaint against the defendants, Thomas and Joanne Incerto, alleging that the defendants defaulted on their five mortgages[1] with the plaintiff.[2]
The defendants filed an answer on June 1, 2000, alleging eight special defenses: (1) unconscionability; (2) fraud; (3) usury; (4) violation of General Statutes § 36a-521; (5) failure to comply with the federal and state Truth-in-Lending Act; (6) violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110; (7) payment; and (8) the attempt to foreclose against released mortgages. On June 8, 2000, the plaintiff filed an amended complaint, and on July 6, 2000, the plaintiff released two of the mortgage liens against the defendants.[3]
Subsequently, on July 17, 2000, the plaintiff withdrew the third and fourth counts of the amended complaint which referred to the released mortgages. On the same date, the plaintiff filed a motion for summary CT Page 14802 judgment supported by a memorandum of law. The defendant did not file a memorandum in opposition.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Boardof Education of Stonington, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "[T]he movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine material issue of material fact." (Internal quotation marks omitted.)Witt v. St. Vincent's Medical Center, 252 Conn. 363, 372 n. 7, 746 A.2d 753
(2000).
"As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits."Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 796,653 A.2d 122 (1995). In support of the motion for summary judgment, the plaintiff attached copies of the original notes and mortgages of the three liens allegedly in default, a copy of the March 31, 2000 assignment of the 1990 mortgage held by the Maestros to the plaintiff, a copy of the release of the 1991 mortgage in the amount of $30500 and the 1992 mortgage in the amount of $15000 and an affidavit from Peter J. Calcagno, a principal with the plaintiff, who attests that he is familiar with the records in regard to the defendants' mortgages and outstanding debt. (See Plaintiff's Attachments to Calcagno Affidavit; see also Calcagno Affidavit.)
The defendants have not supported their special defenses with any facts or filed a memorandum in opposition to the summary judgment motion. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book § 17-45], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Emphasis omitted; internal quotation marks omitted.) Harvey v.Boehringer Ingelheim Corp., 52 Conn. App. 1, 8, 724 A.2d 1143 (1999). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." HeymanAssociates No. 1 v. Ins. Co. of Pennsylvania, supra, 231 Conn. 795. CT Page 14803
This court does not have to look beyond the sufficiency of the plaintiff's facts in this matter. The plaintiff's documentary evidence establishes that it owns the mortgages and notes. (See Calcagno Affidavit, Attachments 3, 4, and 9.) Additionally, the plaintiffs affidavit establishes that the defendants are in default on these notes. (See Calcagno Affidavit, ¶¶ 6, 13, 20, and 22.)
Practice Book § 17-50 authorizes the entering of interlocutory summary judgments as to liability alone although there is a genuine issue as to damages. This procedure is followed by an "immediate hearing" to determine "the amount of the damages." Practice Book § 17-50. There are no genuine issues of material fact as to liability and the plaintiffs motion for summary judgment as to liability is granted.
HICKEY, J.