[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS AND PROCEDURAL HISTORY
The plaintiffs, Angelica Acevedo and Lizbeth Davila, allege the following facts in their complaint against the defendant, Ledgecrest Health Care. The plaintiffs were employed by the defendant as certified nursing assistants. On July 17, 1999 the plaintiffs went to the post office during their scheduled ten minute break. The trip to the post office, which was less than a block from Ledgecrest, took longer than expected and ran over the ten minute limit. To assure that they were not paid for the extra time, the plaintiffs clocked out their time cards. Before the plaintiffs could inform their supervisor, they were confronted by her. After explaining their story, the plaintiffs were instructed to go home and not to return to work until meeting with an other supervisor. On July 21, 1999 the plaintiffs met with the supervisor and CT Page 14665 were terminated from their employment.
On January 21, 2001 the plaintiffs filed the present four-count complaint. Counts one and three allege breach of implied contract. Counts two and four allege negligent infliction of emotional distress.
The defendant has moved for summary judgment on all counts, claiming that the express waiver contained in its employee handbook precludes any contractual recovery, and that the plaintiffs have failed to allege any unreasonable conduct that would support a claim for negligent infliction of emotional distress.
 II STANDARD OF REVIEW
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732,751-52, 660 A.2d 810 (1995). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment."Great Country Bank v. Pastore, 241 Conn. 423, 436, 696 A.2d 1254 (1997). "[T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) Harvey v. Boehringer Ingelheim Corp.,52 Conn. App. 1, 5, 724 A.2d 1143 (1999); see also Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
 III CT Page 14666 DISCUSSION A Breach of Contract
"It is firmly established that statements in an employer's personnel manual may . . . under appropriate circumstances . . . give rise to an express or implied contract between the employer and employee." (Internal quotation marks omitted.) Gaudio v. Griffin Health Services Corp.,249 Conn. 523, 532, 733 A.2d 197 (1999). However, "[the Supreme Court has] stated with unambiguous clarity that employers can protect themselves against employee contract claims based on statements made in personnel manuals by following either (or both) of two simple procedures: (1) eschewing language that could reasonably be construed as a basis for a contractual promise; and/or (2) including appropriate disclaimers of the intention to contract. . . ." (Internal quotation marks omitted.) Id, 535.
"The intention of the parties manifested by their words and acts is essential to determine whether a contract was entered into and what its terms were." Finley v. Aetna Life Casualty Co., 202 Conn. 190, 199,520 A.2d 208 (1987). "Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Richter v. Hospital, 60 Conn. App. 280,290, 759 A.2d 106 (2000).
On numerous occasions Superior Courts have held that contract claims based solely on the terms of an employee handbook must fail if the handbook has an effective disclaimer. See, e.g., Shain v. Blue CrossBlue Shield, Superior Court, judicial district of New Haven at New Haven, Docket No. 349216 (October 21, 1996, Zoarski, JTR.) (disclaimer stating the contents of the handbook do not constitute the terms of a contract of employment held to be effective); Markgraf v. HospitalityEquity Investors, Inc., Superior Court, judicial district of Danbury, Docket No. 308501 (February 18, 1993, Fuller, J.) ("The agreement itself disclaims that it is a contract."); Grieco v. Hartford Courant Co., Superior Court, judicial district of Hartford, Docket No. 372593 (January 27, 1993, Aurigemma, J.) (plaintiff cannot base a breach of contract claim on a handbook with an explicit disclaimer).
In this case the defendant's handbook contains a section entitled "About This Handbook." This section states in relevant part: "neither the contents of this handbook nor any other communications, either written or oral, made at the time of hire or during the time of your employment, create any type of employment contract. These policies are general CT Page 14667 guidelines only. Nothing contained in this handbook shall be construed as a guarantee of continued employment nor as a guarantee of hours or benefits. Employment with this company is on an at-will basis, which means that the employment relationship may be terminated at any time by you or the company for any reason not expressly prohibited by law." The language of the defendant's employee handbook is clear and unambiguous. No reasonable jury could conclude that the defendant in the present, case intended to enter into a contractual relationship based on the terms of its employee handbook. Accordingly, as a matter of law the court finds that, because the defendant's disclaimer is effective, the plaintiff cannot sustain a cause of action for breach of contract and summary judgment is granted as to counts one and three of the plaintiffs' complaint.
 B Negligent Infliction of Emotional Distress
In order to state a cause of action for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. . . . Accordingly, negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process. . . . The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Citations omitted; internal quotation marks omitted.) Parsons v. United Technologies Corp., 243 Conn. 66, 88-89,700 A.2d 655 (1997). "`Unreasonable conduct' has been interpreted by the Superior Courts as conduct performed in an inconsiderate, humiliating or embarrassing manner." Stosuy v. Stanford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 358369 (August 30, 1999,Nadeau, J.); see also Pascal v. Alternative Service of Connecticut, Superior Court, judicial district of New London at New London, Docket No. 547184 (December 8, 1998, Martin, J.).
The plaintiffs have argued in opposition to the defendant's motion for summary judgment on these counts that the "unreasonable" conduct in their termination consists of "false accusations of dishonesty" contained in the personnel records documenting their dismissal, and it is true that the report of disciplinary action contained in each employee's file includes the notation "falsification of time records". "In fact the `falsification of time records' as documented in both parties' personnel CT Page 14668 files, propounds (sic) the unreasonable conduct in the termination process".[1] Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, pp. 5-6.
The first problem with this argument is that nowhere is it alleged in the complaint that the plaintiffs' employment records were "falsified" by the defendant, and that was unreasonable conduct in the termination process. So, the plaintiffs are attempting to prevail on the defendant's motion on the basis of a claim never plead.
The second problem is that the submissions of the defendant in support of its motion indicate that there is no genuine issue as to the material fact of whether it falsified the records, and the plaintiffs have failed to provide "an evidentiary foundation to demonstrate the existence of a genuine issue of material fact". Witt v. St. Vincent's Medical Center, supra, 252 Conn. 368.
The defendant offers the affidavit of Jarrett McClurg, former administrator for the defendant, which avers that he terminated the plaintiffs, for conduct that constitutes "falsification of company records"; viz., leaving the premises without recording on their time cards the fact that they had left. The defendant also offers the affidavit of Holly Hutchinson, its human resources bookkeeper, along with copies of the time cards and copies of original statements from both plaintiffs and Kathy Guastella, the plaintiffs' supervisor.[2]
Hutchinson's affidavit avers that the plaintiffs did not punch their time cards upon leaving the facility, and, upon returning, only punched them after being reprimanded by Guastella. The statements of the plaintiffs' contain admissions that they did not punch out on their time cards when they left the premises. Guastella's affidavit avers that the plaintiffs "punched their time cards after their conversation with me, and attempted to hand write the time they had left." Furthermore, she avers that "the act of writing on a time card instead of punching it on the time clock constitutes falsification of a time card because Ledgecrest requires that time cards be punched by the time clock."
In response the plaintiffs offer their own affidavits. Neither contradicts the statements of the defendant's employees and their own admissions that they failed to punch out when they left the premises, thereby creating a time record that was not accurate. The plaintiffs' careful choice of words in their affidavits to the effect that they "in fact punched [their] time [cards] to reflect time away from the facility of the defendant" can only refer to their punching their time cards after it was discovered that they had left the facility without punching out.
The plaintiffs rely on Douglas v. Rucci, Superior Court, judicial CT Page 14669 district of Stamford-Norwalk at Stamford, Docket No. 153231 (July 27, 1998, Karazin, J.) and Galligan v. Edward D. Jones Co., Superior Court, judicial district of New Haven, Docket No. 389623 (July 27, 1998, Levin,J.) The court found in Douglas that "an employer's fabrication of damaging information on a `pink slip' submitted to the Unemployment Division for the purpose of depriving a former employee of unemployment income rises to the level of unreasonable conduct of the defendant in the termination process." Douglas v. Rucci, supra, Superior Court, Docket No. 153231. The court in Galligan held that filing a termination notice that was not only false but accused the plaintiff of dishonesty may be considered unreasonable behavior, Galligan v. Edward D. Jones Co., supra, Superior Court, Docket No. 389623.
I am in complete agreement with those cases. In the plaintiffs' case, however, they have (1) failed to plead the falsification of time records as a basis for their complaint against the defendant and (2) failed to counter the defendant's evidence demonstrating that there is no genuine issue for a jury as to the material fact of whether the notations in their personnel files were false.
 IV CONCLUSION
The defendant's motion for summary judgment is granted as to counts one and three because, as a matter of law, the disclaimer contained in the defendant's handbook is valid and enforceable. Accordingly, the terms of the handbook do not create a contractual relationship between the defendant and the plaintiffs. The defendant's motion for summary judgment is granted as to counts two and four because I find there is no question of material fact that the defendant acted reasonably when terminating the plaintiffs' employment.
BY THE COURT
Joseph M. Shortall, J.