[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 108) AND MOTION TO STRIKE COUNTER AFFIDAVIT (DOCKET ENTRY NO. 113)
This action arises out of a single vehicle accident in which a bus carrying school children, one of which was the minor plaintiff, Nancy Atanacio, slid out of control and struck a pole and thereby caused injuries to the passenger-child. The action is brought by her alleged parent, Porfiria Lebron, as against the defendant owner and operator of the bus.
The defendants have filed a motion for summary judgment and claim there is no genuine issue of fact with regard to the date of the accident and that the plaintiffs' action is barred by Connecticut General Statute § 52-584. The complaint alleges the accident occurred on January 20, 1999, at approximately 3:30 p. m. The summons is dated January 10, 1999, service of process was made on January 22, 2001, and, as required by Connecticut General Statute § 52-63, again on January 29, 2001.[1]
The defendants assert the accident occurred on January 8, 1999, and, thus, the action is barred. The plaintiff's objection to the instant motion states only that the action has not expired because the statute did not run until "January 20, 2001." No memorandum accompanies that objection but it is accompanied by an affidavit in the English language and alleged to be executed by the plaintiff grandmother. The affidavit states the accident was on January 20, 1999, and is based upon her "personal knowledge." The defendants' motion is supported by a memorandum of law and numerous exhibits to which reference is hereinafter made. The defendants have also moved to strike the affidavit on the ground its contents are based on hearsay and the document is legally deficient as a matter of law.
Connecticut General Statute § 52-584 provides, in pertinent part,
 "[n]o action to recover damages for injury to person caused by the negligence, or by reckless or wanton misconduct . . . shall be brought but within two years CT Page 14274 from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ."
"In the context of applying § 52-584 to decide whether a particular action was commenced in a timely fashion, we have stated that an injury occurs when a party suffers some form of actionable harm. . . . Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury. . . . The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. . . . The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories. . . ." Mountaindale Condominium Assn. v. Zappone,59 Conn. App. 311, 323-24, cert denied, 254 Conn. 947 (2000)
"[I]n Connecticut the statute of limitations [in § 52-584] applies with full force against the claims of infants . . . in the absence of a contrary statutory provision. . . . [I]n order to effectuate this legislative policy in cases dealing with that portion of the statute of limitations that requires the action to be commenced within two years of the time of the injury is first discovered or should have been discovered, the knowledge of the parent or guardian that his or her child has suffered an actionable injury must be imputed to that child." (Citations omitted.) Burns v. Hartford Hospital, 192 Conn. 451, 450 n. 4 (1984); Caron v. Adams, 33 Conn. App. 673, 679-80 (1994).
Summary judgment is appropriate when the pleadings, affidavits, and other proof submitted show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Connecticut Practice Book § 17-49; Rudewicz v. Gagne,22 Conn. App. 285, 286 (1990). The moving party has the burden of establishing the nonexistence of any material fact. Water and WayProperties v. Colt's Mfg. Co., 230 Conn. 660, 664 (1994). A material fact is one that makes a difference in the case result. Harvey v. BoehringerIngelheim Corp., 52 Conn. App. 1, 4 (1999). The trial court must view the evidence in the light most favorable to the non-moving party.Scrapchansky v. Plainfield, 226 Conn. 446, 450 (1993). A party opposing summary judgment must substantiate its adverse claim by showing there is a genuine issue of fact together with the evidence disclosing the existence of that issue. Practice Book §§ 17-45, 17-46; Connell v.Colwell, 214 Conn. 242, 246 (1990). The trial court does not sit as a trier of fact when ruling on a motion for summary judgment. Its function is not to decide issues of material fact but rather to determine whether any such issue exists. Harvey, supra, at 5; Fleet Bank, N.A. v.Galluzzo, 33 Conn. App. 662, 666 (1994). CT Page 14275
The plaintiff's affidavit, written in English, is executed by the child's grandmother, the named co-plaintiff.[2] The contents of that affidavit includes, above the witness line signed by Ms. Lebron, the following language, "The above was dictated by me in Spanish and read to me in Spanish by Michael Benitez. It is accurate and true to the best of my knowledge and belief." Thus the affiant neither speaks nor reads the English language. There is nothing to support a conclusion she comprehended the content of the document to which she swore and attested. Whether "Michael Benitez" is fluent in both Spanish and English and is therefore capable of translating what the declarant told him in Spanish (and read back to her in Spanish) into the English language of the affidavit accurately is unknown. The translation from one language to another under these circumstances constitutes double hearsay. Further, the evidence supporting the declarant's assertion of "personal knowledge" regarding the date of the accident is not provided. There is no evidence this declarant was at the scene of the accident. The police report (Exhibit C to the defendants' memorandum) states only that the child'sgrandfather took her from the scene of the accident. Nothing supports a finding either that the plaintiff-grandmother was riding the bus at the time of the accident or that the child was brought to the grandmother's house on that day (or soon thereafter) and that the grandmother memorialized the date of the occurrence. Another person's relating to the grandmother the alleged date of the accident on some later date does not establish the grandmother's "personal knowledge" and is itself hearsay as to her. There is thus no competent evidence offered to support the plaintiff's conclusion the accident occurred on January 20, 1999.
The following are offered by the defendants to support a finding the accident in fact occurred on January 8, 1999:
1. Exhibit A (in support of the defendants' motion) is an affidavit by one Gerri Dantzler who states she was in fact the driver of the bus involved in the accident which she states occurred on January 8, 1999, and that the minor plaintiff was on the bus and complained of a head injury soon after the school bus hit both a fire hydrant and utility pole;[3]
2. Exhibit B is an affidavit of the defendant-Laidlaw's record keeper attesting to the fact Gerri Dantzler drove the bus on January 8, 1999, when the accident occurred, that the minor plaintiff was on that bus, that the minor had complained of a head injury following the accident, and that there was no record any Laidlaw bus operating out of the Bridgeport terminal (The accident occurred in Bridgeport.) was involved in a motor vehicle accident on January 20, 1999; CT Page 14276
3. Exhibit O is a certified copy of a police accident report detailing a school bus accident occurring in Bridgeport on January 8, 1999, which accident happened when the bus, driven by one Gerri Dantzler, slid on snow down an icy slope and struck a fire hydrant and utility pole, injuring a minor child identified as this co-plaintiff;
4. Exhibit D is a medical record from St. Vincent's Hospital in reference to this minor's visit to the hospital on January 21, 1999, with regard to a "school bus accident" that occurred on "1/8/99." The "permission to treat" form was executed on that day (January 21, 1999) by "Margarita Wilson" identified as "mother." The information regarding the date of the accident (said then to have occurred on January 8, 1999) was either the mother or minor — or both.[4]
There is no genuine issue of material fact regarding the date of accident. It occurred on January 8, 1999, and, under Connecticut General Statute § 52-584, suit was to have been brought and service made within two years of that date — January 8, 2001. The summons is dated January 10, 2001; service could not have been made within the applicable statute of limitations. Service was in fact effectuated on January 22 and January 29, 2001. Even had the accident occurred — as the plaintiffs state in their complaint — on January 20, 1999, service was made after the expiration of the statute. "Mere assertions of fact, whether contained in a complaint or a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented. . . ." Bartha v. Waterbury House Wrecking Co., Inc.,190 Conn. 8, 12 (1983) citing Velardi v. Ryder Truck Rental, Inc.,178 Conn. 371, 375 (1979). No competent evidence exists to show the accident occurred on any date other than January 8, 1999. The lawsuit had necessarily had to have been in the hands of a marshal by January 8, 2001. It could not have been since the summons is dated January 10, 2001.
Nor is this action saved by Connecticut General Statute § 52-593a
which preserves a cause of action otherwise outside the statute of limitations "if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery." A complaint dated January 10, 2001, could not have been placed in the hands of a marshal for service prior to the law date — here, January 8, 2001. Given the plaintiffs' assertion of the date of occurrence (January 20, 1999), the complaint had to have been in the hands of a marshal by January 20, 2001. Exhibit M (attached to the defendants' memorandum of law) is strangely silent as to when the marshal received for service the writ, summons and complaint. CT Page 14277
The defendants' Motion for Summary Judgment (docket entry number 108) is granted.
The proper method to attack the legal sufficiency of a counter affidavit (here, that of the co-plaintiff Lebron) that does not comply with the rules is by way of a motion to strike. See Altern v. Land-Tech,
2001 WL 128913, quoting 2830 Whitney Ave. Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 570 n. 3 (1994). "Hearsay statements are insufficient to contradict facts offered by the moving party . . . and if an affidavit contains inadmissible evidence it will be discarded." (Citations omitted.) Id. at 568-69. See also Great CountryBank v. Pastore, 241 Conn. 423, 436 (1997). In view of the language problems earlier referenced and the absence of any evidence to support a finding Porfiria Lebron witnessed the accident or had any personal knowledge of the facts she asserts in her affidavit, such affidavit would not be admissible at trial. As a matter of law, it is legally insufficient and is stricken. Motion number 113, is granted.
Summary judgment enters for the defendants. The motion to strike the co-plaintiff's counteraffidavit is also granted.
B.J. SHEEDY, JUDGE