SECOND NATIONAL BANK OF NEW HAVEN *v.*
HAROLD O. BURTCHELL ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued April 3—decision released May 21, 1974

*Joseph J. McGuinness,* for the appellants (named defendant et al.).

*Roger J. Frechette,* with whom was *James O. Walsh,* for the appellee (plaintiff).

SHAPIRO, J. The plaintiff brought this action to the Court of Common Pleas seeking the foreclosure of a mortgage against the defendants Harold O. Burtchell and Arlene Burtchell, the title owners of certain real estate situated in Madison. While the action involved other defendants, the determination of this appeal is limited to the claims made by the Burtchells, hereinafter called the defendants. In an interlocutory judgment, the court decreed that the foreclosure be by sale, appointed a committee and appraisers, and ordered publication and notice of the sale. The committee received bids, accepted one, made its report and sought approval by the court of the sale. The court accepted the commit-

tee's report and ordered the approval of the sale. The defendants, claiming to be aggrieved by the action of the court, have appealed.

On appeal, the defendants make the claim that the sale was invalid, because the committee failed to recognize the highest bid, and urge that a lesser bid should have been refused. The lower court concluded that the highest bona fide bid was $20,200 and that bid was accepted by the court.

The undisputed facts of the case, as they apply to this issue, indicate the following: At the time of the judgment of foreclosure by sale, the plaintiff's expert appraised the property for $23,000. The appraisers appointed by the court valued the property at $28,000. Bidding at the sale started at $15,100 and proceeded in about seventeen stages to the final bids. Before the bids were closed or any bid accepted, a bid of $20,000 was made. A bid of "Twenty One" followed, and the committee mistakenly announced that it had a bid of $21,000. That announcement induced a bid of "Twenty One Five." The previous bidder then indicated that by his bid of "Twenty One" he had meant the sum of $20,100 and not $21,000 as announced by the committee. The person who apparently indicated "Twenty One Five" then corrected his bid to $20,200. The committee asked for and attempted to get further bids. The party bidding $20,100 refused to go above the $20,200 bid by the final bidder. The committee then announced that the property was sold for $20,200 and accepted a deposit pursuant to the terms described in the judgment of foreclosure by sale, which sum was deposited in court.

As a general rule, property which is being sold at a judicial sale should be "knocked off" to the

highest bidder, provided that the bid is unconditional and that the bidder complies with the conditions and terms of the sale. 47 Am. Jur. 2d, Judicial Sales, § 143; 59 C.J.S., Mortgages, § 734 (b). Such a bid, however, may be withdrawn prior to acceptance. 47 Am. Jur. 2d, Judicial Sales, § 141. It is no more than an offer which, until accepted, does not bind the offeree. See *Joseph Rugo, Inc.* v. *Henson,* 190 F. Sup. 281 (D. Conn.). "It would also seem that where a bid is clearly erroneous because of some patent mistake in the notice or terms of sale, a bidder may be allowed to amend his bid to correct his error in the presence of all bidders if none object." 47 Am. Jur. 2d, Judicial Sales, § 141.

From the foregoing it becomes apparent that in this case the committee recognized the highest bid outstanding at the time the bids were closed. This conclusion, as reached by the trial court, is both legally and logically consistent with the facts found and does not involve the application of an erroneous rule of law material to this case. *Klein* v. *Chatfield,* 166 Conn. 76, 80, 347 A.2d 58; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500. It is true that a bid of "Twenty One Five" was made but that bid was induced by the committee's misunderstanding and was immediately corrected to $20,200. Since the bid of "Twenty One Five" had not been accepted before it was corrected to $20,200, it must be said that the committee recognized the highest bid.

The defendants also claim that the committee failed to maintain a sign on the premises involved. The facts of this case do not support such a claim. Pursuant to the interlocutory judgment, the committee caused a sign to be affixed on the premises.

On the date of the sale, October 16, 1971, the sign giving notice of the sale was not in place on the premises where the committee had it erected. The sign was taken down during the night by persons unknown. The defendants resided on the premises and claimed not to know who took the sign down. They failed to notify the committee of the missing sign so that a new one could replace it. On the basis of these facts, the court concluded that the committee did not fail to maintain a sign on the premises. Testing the conclusion as reached by the court in relation to the finding, the court's conclusion regarding the sign is logically consistent with the facts found. *Klein* v. *Chatfield,* supra; *Johnston Jewels, Ltd.* v. *Leonard,* supra. On this issue, we do not have a claim of some erroneous rule of law material to the case. The issue here is one of fact and the conclusion reached by the court cannot be disturbed.

The further claim is made that the committee obstructed inspection of the premises. The defendants argue in their brief that this amounted to "a chilling of the sale." The court found (1) that the defendants did not cooperate in voluntarily permitting prospective purchasers to go into the house and examine it and (2) that the committee respected this right of privacy and announced this to persons attending the sale. The defendants, in their assignment of errors, have attacked both of these findings as being unsupported by the evidence.

We have reviewed this claim and find that one of the paragraphs attacked is fully supported by evidence contained in the appendix to the defendants' brief. The attack on the other paragraph is not pursued in the defendants' brief and must be regarded as abandoned. The court concluded that the committee respected the defendants' right of

privacy and had no authority to order the defendants to permit prospective purchasers to enter their home for the purpose of inspecting it. As with the previous issues, we test this conclusion by the facts as found by the court. *Klein* v. *Chatfield,* supra. There is no issue of law involved here but rather a determination made by the court of the credibility of witnesses. The conclusion reached by the court is logically consistent with the facts found and must therefore stand. *Johnston Jewels, Ltd.* v. *Leonard,* supra.

Finally, the defendants claim that there was a failure to comply with the order of sale as made by the court. We find no merit to this claim for the reasons already stated. The conclusions to the effect that the committee complied with the order of the court, which include the conclusion that the sale was made to a bona fide purchaser as the highest bidder and the conclusion that the sale was made in accordance with the court's instructions, are all fully supported by the facts and the law. They must, therefore, stand.

There is no error.

In this opinion the other judges concurred.