CITY OF NORWALK *v.* JAMES J. FARRELL, JR.
(AC 22470)

Schaller, Dranginis and Stoughton, Js.

400

Argued March 17—officially released December 9, 2003

*James J. Farrell III*, pro se, the appellant (defendant).

*Marc J. Grenier*, for the appellee (plaintiff).

*Robert F. Maslan, Jr.*, pro se, the committee.

*Opinion*

DRANGINIS, J. This real estate tax foreclosure action was instituted by the plaintiff, the city of Norwalk, against the defendant James J. Farrell, Jr., and, subsequently, against Sperry A. DeCew, administrator cum testamento annexo of the estate of James J. Farrell, Jr., and against James J. Farrell III and Patricia Farrell-Kowalonek. James J. Farrell III is the only defendant involved in the present appeal. He appeals from the judgment of the trial court requiring him to pay $2803.60 in fees to Robert F. Maslan, Jr., an attorney, who was appointed by the court to serve as the committee for the sale of the real property that is the subject of the foreclosure action (committee). On appeal, James J. Farrell III claims that the court had no authority to require him to pay the committee's fees.[1] We agree and, accordingly, reverse the judgment of the trial court.

The relevant facts and procedural history are as follows. In December, 1996, the plaintiff commenced this foreclosure action against James Farrell, Jr., who, apparently, had died in 1995. Subsequently, a judgment of default entered against James Farrell, Jr., for failure to appear. On May 19, 1997, the court rendered a judgment of strict foreclosure and set a law day of June 24, 1997. When the plaintiff learned that James Farrell, Jr., was deceased, it moved to open the judgment of foreclosure for purposes of naming, as party defendants, the administrator of the estate of James J. Farrell, Jr., and James J. Farrell III[2] and his sister, Patricia Farrell-Kowalonek. The defendant and his sister were the children

---

[1] Because we conclude that James J. Farrell III's first claim is dispositive of this appeal, we decline to address his additional claims, namely, that (1) the committee's fees violated the judgment of foreclosure and that the fees were unauthorized and excessive, and (2) the court's award of damages to the committee constituted plain error.

[2] Because only the defendant James J. Farrell III is involved in this appeal, we refer to him in this opinion as the defendant.

of the named defendant and jointly had inherited the subject property.

On May 10, 1999, the court ordered a foreclosure by sale and set a sale date of September 18, 1999. Also, at that time, the court appointed Maslan to act as the committee responsible for the sale of the property and issued orders relating to the sale.[3] As a result of several motions to open the judgment of foreclosure, all of which were filed by the defendant's sister, Farrell-Kowalonek, the court amended the sale date to April 29, 2000, then to September 30, 2000, and, finally, to November 4, 2000.[4] Days before the November 4, 2000 sale was scheduled to occur, the defendant redeemed the property by paying the outstanding property taxes. On December 6, 2000, the committee filed a motion, requesting the court to order the plaintiff to pay the committee's fees pursuant to General Statutes § 49-25, which the court granted on December 18, 2000.

On January 19, 2001, the defendant filed a motion for an order concerning committee fees in which he asked the court to order the plaintiff to file a withdrawal of the foreclosure action and to provide him with a release of lis pendens. In his motion, the defendant maintained that although he had redeemed the property, the plaintiff refused to withdraw the foreclosure action and to provide a release of lis pendens until the defendant paid the committee's fees. He further maintained that because those fees were unreasonable, excessive and in violation of the court's order concerning the committee's rights and duties, neither the plaintiff nor the

---

[3] Those orders related to when the committee was permitted to incur costs in preparation for the sale, to advertise the sale and to erect a sign on the property.

[4] Farrell-Kowalonek paid fees totaling $1691.22 to the committee for work it performed until the first sale date. Those fees are not challenged here.

defendant should be required to pay the fees.[5] Also, on that same date, the defendant filed a motion to reargue the committee's motion for fees, claiming, again, that the fees were unreasonable, excessive and violative of the court's order. On January 31, 2001, the court granted the defendant's motion to reargue.

On February 26, 2001, the committee filed an objection to the defendant's motion for an order concerning committee fees, arguing that its fees were incurred for work that is required of a committee in a foreclosure action.[6] On May 31, 2001, the plaintiff filed a request to set a new sale date in which it contended that the court should set a new sale date because the defendant had failed to redeem in accordance with the judgment of foreclosure by paying the committee's fees. On September 24, 2001, the court ordered that all matters would be heard on October 9, 2001. At that time, there were four outstanding matters to be addressed by the court: (1) reargument on the committee's motion for fees, (2) the defendant's motion for an order, (3) the committee's objection to that motion and (4) the plaintiff's request to set a new sale date. At the October 9, 2001 hearing, the defendant argued that the committee's fees were excessive and violative of the court's orders regarding the sale, and that if the plaintiff wanted the defendant to pay the committee's fees, it should have filed a bill of costs rather than a request to set a new sale date. After the hearing, the court ordered the defendant to pay the committee's fees within thirty days. The court wrote its order on the plaintiff's request for a new sale

[5] The defendant explained that his motion was untimely because he did not receive notice of the fact that the court had granted the committee's motion for fees until January 9, 2001.

[6] We note that in its objection to the defendant's motion, the committee failed to cite any authority in our rules of practice that expressly permits a committee, a nonparty to the foreclosure action, to file an objection to the motion of a party. Our review of the rules of practice reveals no such authority.

date. The judgment of the court provides, however, that it was rendered against the defendant and in favor of the committee.

On November 2, 2001, the defendant filed the present appeal from the judgment of the court requiring him to pay the committee's fees. Thereafter, the plaintiff and the committee filed a motion to dismiss the defendant's appeal, claiming that the appeal was untimely.[7] This court denied the motion to dismiss and, sua sponte, ordered the parties to this appeal to address in their appellate briefs whether the committee has standing to participate as an appellee in this appeal. Additional facts will be set forth as necessary.

## I

As an initial matter, we first turn to the issue that we ordered the parties to this appeal to brief, namely, whether the committee has standing to participate as an appellee in this appeal. After carefully reviewing the briefs and the law, we conclude that the issue is not one of standing but, rather, the issue is whether the committee, a nonparty to the underlying foreclosure action, may, as of right, participate in this appeal as an appellee.[8] We conclude that the committee may not do so.

----

[7] The record discloses that the motion to dismiss was filed by the committee. Although counsel for the plaintiff did not sign the motion, the plaintiff's counsel subsequently provided this court with a letter indicating that the plaintiff supported and joined in that motion.

[8] It is the appellant who must have standing to invoke the jurisdiction of this court. See General Statutes § 52-263; see also *Rayhall* v. *Akim Co.*, 263 Conn. 328, 340, 819 A.2d 803 (2003). "[A] party must have standing *to assert* a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion." (Emphasis added; internal quotation marks omitted.) *Fleet National Bank* v. *Nazareth*, 75 Conn. App. 791, 793, 818 A.2d 69 (2003). It is clear that this court has subject matter jurisdiction over the present appeal because the party asserting the claim, the defendant appellant, did have the legal right to set judicial machinery in motion, or standing.

The plaintiff concedes that the committee was not a party to the underlying foreclosure action. "A committee of sale functions as an arm of the court in a judicial sale. The committee conducting a sale is an agent or representative of the court." (Internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Burgos*, 227 Conn. 116, 123, 629 A.2d 410 (1993). "The interests of a committee of sale are ordinarily represented by a party to the suit. *Second National Bank of New Haven* v. *Burtchell*, 166 Conn. 388, 349 A.2d 831 (1974)." *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 13 Conn. App. 239, 251, 536 A.2d 962, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988); see also General Statutes § 49-25. In the present case, the plaintiff represents the interests of the committee. The plaintiff contends, nonetheless, that the committee has a right to defend this appeal as an appellee. It is axiomatic that "[e]very appeal requires opposing *parties*, at least one appellant and one appellee. The term 'appellant' refers to a *party* who seeks review of alleged lower court error in the rendering of a decision adverse to that party's interests. The term 'appellee' generally denotes *the party* opposing review who prevailed in the lower court." (Emphasis added.) 5 Am. Jur. 2d 41–42, Appellate Review § 268 (1995). We conclude that because the committee was not a party to the underlying proceeding, it is, by definition, not an appellee.

Moreover, our rules of appellate procedure contemplate that only *parties* may appear and participate in an appeal as of right. See, e.g., Practice Book § 62-8 ("[c]ounsel for all parties in the trial court shall be deemed to have appeared in the appeal"); Practice Book § 62-10 (providing that appellate court file shall be made available to parties); Practice Book § 67-1 (providing that in any brief, "the plaintiff and defendant shall be referred to as such rather than as appellant and appellee"). By expressly providing that counsel for the parties

are deemed to have appeared and by expressly providing the parties with the right to file written briefs, it is clear that the rules do not provide 'such rights to nonparties. See *Thalheim* v. *Greenwich*, 256 Conn. 628, 645, 775 A.2d 947 (2001). We therefore conclude that the committee may not participate in this appeal as an appellee.[9]

## II

We now turn to the claim raised by the defendant in this appeal.[10] He claims that the court had no authority to order him to pay the committee's fees. Specifically, the defendant contends that the court lacked authority to order him to pay the committee's fees because the

---

[9] Our rules of procedure provide a vehicle for a nonparty to participate in an appeal as an amicus curiae. *Witty* v. *Planning & Zoning Commission*, 66 Conn. App. 387, 396, 784 A.2d 1011, cert. denied, 258 Conn. 950, 788 A.2d 100 (2001). Practice Book § 67-7 is that vehicle. It provides in relevant part: "A brief of an amicus curiae in cases before the court on the merits may be filed only with the permission of the court. . . . The application shall state concisely the nature of the applicant's interest and the reasons why a brief of an amicus curiae should be allowed. . . ."

In the present case, the committee, a nonparty to the underlying foreclosure action, failed to obtain, or even to seek, this court's permission to participate in this appeal as an amicus curiae. We, therefore, decline to treat the committee as an amicus curiae for purposes of this appeal. Cf. *Hartford Federal Savings & Loan Assn.* v. *Tucker*, supra, 13 Conn. App. 251 n.8 (issue whether committee had standing to bring cross appeal). Although the committee signed the appellee's brief and was allowed to participate in oral argument, we have decided the issues in this appeal on the basis of the arguments raised by the parties, namely, the plaintiff, the city of Norwalk, and the defendant.

[10] The plaintiff urges this court to decline to review the defendant's claim and to affirm the judgment on the ground that the defendant has failed to provide us with an adequate record for review; see Practice Book § 61-10; because the defendant has failed to seek articulation of the trial court's decision. Because we conclude that the question of whether the court had authority to require the defendant to pay the committee's fees, where the plaintiff failed to file a bill of costs, is purely a question of law warranting plenary review, the legal analysis undertaken by the trial court is not essential to this court's consideration of the issue on appeal. See *Niehaus* v. *Cowles Business Media, Inc.*, 263 Conn. 178, 184, 819 A.2d 765 (2003). Accordingly, we decline to conclude that the record is inadequate for review.

plaintiff failed to submit a bill of costs as required by Practice Book § 18-5. We agree that the court lacked authority to order the defendant to pay the committee's fees.[11]

Our standard of review is well settled. Whether a court has authority to order a defendant in a foreclosure case to pay the committee's fees requires an interpretation of the relevant statutes and provisions of our rules of practice. "Statutory construction . . . presents a question of law over which our review is plenary. . . . According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *Opoku* v. *Grant*, 63 Conn. App. 686, 690, 778 A.2d 981 (2001).

General Statutes § 49-25 provides in relevant part: "When the court in any such proceeding is of the opinion that a foreclosure by sale should be decreed, it shall, in its decree, appoint a person to make the sale and fix a day therefor, and shall direct whether the property shall be sold as a whole or in parcels, and how the sale shall be made and advertised . . . . If the plaintiff is the purchaser at sale, or if the property is redeemed at any time prior to the approval of the sale, or *if for any reason the sale does not take place, the expense of the sale . . . shall be paid by the plaintiff and be taxed*

---

[11] Additionally, the defendant contends that in ordering him to pay the committee's fees, the court rendered judgment in favor of a nonparty, which it had no authority to do. Because our determination that the court lacked authority to order the defendant to pay the committee's fees in the first instance is dispositive, we decline to review the defendant's additional claim.

*with the costs of the case. . . ."* (Emphasis added.) Committee fees are a component of the expense of the sale. See *Hartford Federal Savings & Loan Assn.* v. *Tucker*, supra, 13 Conn. App. 246.

It is clear from the language of § 49-25 that it is *the plaintiff*, and not the defendant, that is liable for the expense of an aborted sale, which may then be taxed as part of the plaintiff's costs. Although the legislative history for § 49-25 is unavailable because of the early date of its enactment, this court previously has determined that "[t]he purpose of the legislative authorization [for committee fees] is to provide an award to a committee of sale, which is appointed by the court pursuant to a decree of judicial sale, in order that the committee may fulfill its obligation in making the sale and be reimbursed for its efforts." Id., 249.

Even in cases where a sale does not occur and there are, therefore, no sale proceeds from which the committee may be paid, "a committee of sale has expended money, time and effort in performing its duties. . . . Absent fraud or fault on the part of a committee of sale, the committee should be compensated for its efforts and reimbursed for its expenses associated with those acts in furtherance of its obligations, whether or not such acts eventually culminate in a completed sale." Id., 250. If not for § 49-25, there would be no source from which the committee could recoup such fees and expenses. The statute appropriately requires that the plaintiff serve as the source from which the committee may recoup its fees and expenses because it is the plaintiff who has called on the court to provide a remedy for collecting on liens by way of foreclosure.

The plaintiff may, in turn, seek to recoup the expenses it has incurred as a result of the services provided by the committee by taxing those expenses as costs in a bill of costs, which it may file pursuant to Practice Book

§ 18-5. Practice Book § 18-5 provides: "(a) *Costs may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs* provided that no objection is filed. If a written objection is filed within the fourteen day period, notice shall be given by the clerk to all appearing parties of record of the date and time of the clerk's taxation. The parties may appear at such taxation and have the right to be heard by the clerk.

"(b) Either party may move the judicial authority for a review of the taxation by the clerk by filing a motion for review of taxation of costs within twenty days of the issuance of the notice of taxation by the clerk." (Emphasis added.)

Here, the plaintiff failed to take advantage of the procedure by which it properly could recoup its expenses for the committee's services by filing a bill of costs pursuant to Practice Book § 18-5. Despite the plaintiff's failure to file a bill of costs, the court, nonetheless, ordered the defendant to pay the committee's fees. In so doing, the court deprived the defendant of the protections afforded him by Practice Book § 18-5, including the opportunity to object to the bill of costs, and the opportunity to be heard by the clerk and to seek further review by the judicial authority. Additionally, the court relieved the plaintiff of its burden of proving that it was entitled to be reimbursed for that expense. See *Danbury* v. *Dana Investment Corp.*, 257 Conn. 48, 55–56, 776 A.2d 438 (2001).

We conclude that the court had no authority to order the defendant to pay the committee's fees. Section 49-25 expressly requires that the plaintiff shall pay the expenses of the sale, including committee fees, where, as here, the sale does not take place; it does not permit the court to order the defendant to pay those expenses. Furthermore, costs may be taxed against the nonprevailing party, in this case the defendant, pursuant to

Practice Book § 18-5, only after the filing of a written bill of costs. Because the plaintiff in the present case failed to submit a bill of costs as required by Practice Book § 18-5, the court had no authority to tax the plaintiff's costs of the sale against the defendant.[12]

The judgment is reversed only as to the order that the defendant pay fees to the committee and the case is remanded for further proceedings in accordance with law. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[12] We note that the record discloses that since the time this appeal was taken, the plaintiff has filed a bill of costs pursuant to Practice Book § 18-5, and the defendant has filed an objection. The trial court, however, has held that bill of costs in abeyance pending resolution of this appeal.