JAMES CARRASQUILLO *v.* ANN MARIE CARLSON
(AC 25595)

Schaller, McLachlan and Peters, Js.

Argued May 23—officially released August 9, 2005

*A. Jeffrey Somers*, for the appellant (plaintiff).

*Anita M. Varunes*, with whom, on the brief, was *Jacqueline M. Forgione*, for the appellee (defendant).

*Opinion*

PETERS, J. Sometimes, accidents happen without negligence. In this negligence action, an automobile driver sued the owner of a dog for injuries he received when he took evasive action to avoid hitting the dog in a public roadway. The dog owner filed a motion for summary judgment in which she claimed that the driver had failed to raise a material issue of disputed fact linking her conduct to the event that caused his injuries. The trial court granted the dog owner's motion, in part because of the driver's failure to attach any affidavits to his objection to the motion for summary judgment and in part because of the paucity of the allegations contained in his complaint. The driver has appealed. Although this is a close case, we affirm the judgment in favor of the dog owner.

The plaintiff, James Carrasquillo, filed a multicount complaint to recover for injuries that he suffered on February 5, 2000, when, while driving on Oakwood Avenue in Waterbury, his car hit an aluminum barrier as a result of having to swerve to avoid hitting a dog owned by the defendant, Ann Marie Carlson (dog owner).[1] His only factual allegation was that her dog had entered the road "from in front of a van parked in front of the [dog owner's] residence." Significantly, he did not allege that he saw the dog owner with the dog or that he saw the dog running freely without a leash. He claimed, nonetheless, that the dog owner had been negligent in a number of respects, principally by failing to keep her dog under proper and reasonable control and by allowing her dog to enter a public highway.

---

[1] In his claims of misconduct, the plaintiff asserted that the dog owner had been negligent in failing to keep her dog under control, in allowing her dog to interfere with a motor vehicle, in failing to keep a proper and reasonable lookout for vehicles, and in walking out on the road despite having heard an approaching vehicle.

On March 11, 2004, the dog owner filed a motion for summary judgment in which she claimed that the plaintiff had failed to allege a genuine issue of material fact. In support of her motion, she submitted an affidavit in which she described the events leading to the accident, and attached excerpts of her deposition transcripts and those of the plaintiff, as well as a certified copy of the police accident report. Although the plaintiff filed an opposition to the dog owner's motion for summary judgment, he did not submit any affidavits or other supporting documentation.

In ruling on the dog owner's motion for summary judgment,[2] the court emphasized that, in violation of Practice Book §§ 17-45[3] and 17-46,[4] the plaintiff had failed to submit any affidavits or other documentation to support his opposition. The court also expressed concern that the plaintiff had failed to allege any facts disputing the dog owner's assertion that her dog was on a leash and under her control at all times. In answer

---

[2] Although the record contains neither a written memorandum of decision nor a signed transcript of the court's ruling; see Practice Book § 64-1; we note that the dog owner's brief contains an unsigned transcript of the court's summary judgment ruling. Because that transcript contains "a sufficiently detailed and concise statement of the trial court's findings," we find that the record is adequate for our review. *Bank of America, FSB* v. *Franco*, 57 Conn. App. 688, 691 n.1, 751 A.2d 394 (2000); see also *Norwalk* v. *Farrell*, 80 Conn. App. 399, 406 n.10, 835 A.2d 117 (2003) (determining that record adequate for review when claim on appeal raises pure question of law).

[3] Practice Book § 17-45 provides in relevant part: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . . Any adverse party shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already part of the file, shall be filed and served as are pleadings."

[4] Practice Book § 17-46 provides in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ."

to an inquiry from the court, the plaintiff acknowledged that he had not seen the dog owner walking her dog on the day of the accident. Concluding that there was no genuine issue of material fact in dispute, the court granted the dog owner's motion for summary judgment.

In this appeal, the plaintiff raises two issues. First, he claims that the court improperly based its decision on his procedural failure to comply with the Practice Book requirement for filing counteraffidavits. Second, he claims that the court improperly concluded that he had failed to show the existence of a genuine issue of material fact to support his allegation that the dog owner negligently had allowed her dog to interfere with the operation of his car. In light of *Larobina* v. *McDonald*, 274 Conn. 394, 876 A.2d 522 (2005), this appeal also raises a third issue as to whether the dog owner's filing of a motion for summary judgment was the proper procedure by which to challenge the plaintiff's allegations. Because our analysis of the plaintiff's second claim is central to our resolution of the third issue, we address them together. We conclude that the court properly rendered summary judgment for the dog owner.

I

We first address the plaintiff's claim that the court improperly determined that his failure to file affidavits or other documentation in support of his opposition effectively prevented him from raising a genuine issue of material fact. The record belies this claim.

The plaintiff relies primarily on *Harvey* v. *Boehringer Ingelheim Corp.*, 52 Conn. App. 1, 724 A.2d 1143 (1999), but that reliance is misguided. Unquestionably, we held in *Harvey* that failure by a nonmoving party to file supporting documentation is not fatal to that party's objection to a motion for summary judgment if the moving party cannot demonstrate the absence of a gen-

uine issue of material fact. Id., 9. *Harvey* would govern this appeal if the court had based its judgment entirely on the plaintiff's failure to provide documentary support for his objection to the dog owner's motion.

The court did state: "The problem I have here, counsel, is that you've attached nothing. . . . And you know the Practice Book does require that you are to attach counteraffidavits or whatever you believe that would demonstrate there's an issue of fact." It is, however, undisputed that the court did not stop its analysis at that point. It undertook a close examination of the pleadings and engaged in a dialogue with the parties about their significance. This inquiry of record establishes that the court's order of summary judgment was not based solely on the plaintiff's procedural default.

## II

We next consider whether the dog owner's filing of a motion for summary judgment was the proper procedure by which to challenge the plaintiff's complaint. In *Larobina* v. *McDonald*, supra, 274 Conn. 401, our Supreme Court recently held that "the use of a motion for summary judgment to challenge the legal sufficiency of a complaint is appropriate when the complaint fails to set forth a cause of action and the defendant can establish that the defect could not be cured by repleading." Accordingly, we first examine whether the trial court properly concluded that the plaintiff failed to demonstrate the existence of a genuine issue of material fact to support his allegation that the dog owner negligently had allowed her dog to interfere with the operation of his car.[5]

---

[5] In his complaint, the plaintiff alleged that the dog owner was negligent in the following ways: "[1] [s]he failed to keep her dog under control and/ or allowed it to roam on a public highway; [2] [s]he allowed her dog to interfere with a motor vehicle using a public highway in violation of § 22-362 of the Connecticut General Statutes; [3] [s]he failed to keep her dog under proper and reasonable control; [4] [s]he failed to keep a proper and reasonable lookout for vehicles; [5] [e]ven though she heard a vehicle

As a preliminary matter, we first set forth the standard of review of a trial court's ruling on a motion for summary judgment. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also *Craig* v. *Stafford Construction, Inc.*, 271 Conn. 78, 83, 856 A.2d 372 (2004). "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003).

For present purposes, it is important that, "[i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Rocco* v. *Garrison*, 268 Conn. 541, 548, 848 A.2d 352 (2004). Mere assertions of fact are, however, "insufficient to establish the existence of a material fact and . . . cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). Furthermore, when a nonmoving party fails to respond to a motion for summary judgment by setting forth specific facts showing that there is a genuine issue for trial, the court is entitled to rely upon the facts alleged in the affidavit of the moving party. *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 280–81, 464 A.2d 57 (1983); *Harvey* v. *Boehringer Ingelheim Corp.*, supra, 52 Conn. App. 8.

At the hearing on the dog owner's motion for summary judgment, the court expressed concern that the

approaching down the road, she allowed her dog to walk out onto the road from in front of a parked van; and [6] [s]he otherwise failed to exercise due care when walking her dog."

plaintiff had not alleged any facts either connecting the dog owner to the dog or establishing that the dog owner had failed to control her dog. True, the dog owner did not dispute her ownership of the dog or that she was in a driveway, behind the parked van, when the plaintiff drove by. It also seems to have been conceded that the location of the parked van obscured the plaintiff's view of the driveway, the dog owner and her dog. The van also obscured the dog owner's view of the roadway.

In the deposition attached to her motion for summary judgment, the dog owner described the relevant events on the day of the accident. She testified that, shortly before the accident, she had been "heading toward the road" with her dog because the sidewalks were covered with snow. She further testified that, when the plaintiff drove by her, she was standing at the end of her driveway and her dog had entered the road ahead of her. She also testified that the dog was being restrained by a nylon leash that was nonexpanding and four feet in length. In addition, she testified that, when the plaintiff drove by at a great speed, she was standing at the end of her driveway and, although her dog was in the street, it was no more than "[o]ne step" away from her.

At the summary judgment hearing, following up on this documentary evidence, the court asked the plaintiff whether he had seen the dog owner "walking her dog . . . the day of the accident." The plaintiff responded that he had not. The court observed that "[the dog owner] testifies and she states in an affidavit that she had her dog on a leash at all times. The accident report says nothing about this dog."[6] The plaintiff did not allege in his brief or testify at the hearing that he had seen the dog enter the roadway without a leash. Indeed, in

---

[6] The police accident report stated that "[the plaintiff] was traveling South on Oakville Ave. when a dog ran out in the middle of the street causing [the plaintiff] to swerve right striking a[n] aluminum fence . . . ."

his deposition, he conceded that the dog owner could have been behind the van and her dog could have been on a leash. Thus, the record is devoid of any facts demonstrating that the dog was not under the owner's control.

The plaintiff's allegation that the dog owner "failed to keep a proper and reasonable lookout for vehicles" suffers from the same deficiency. At her deposition, the dog owner testified that she was standing at the end of her driveway when the plaintiff drove by, and that her dog, which was restrained by a leash, was no more than one step away. The plaintiff has alleged no facts to dispute this testimony. He concedes that he did not see the dog owner. The sum total of the plaintiff's allegations of fact is his claim that, when he drove by the dog owner, her dog was in the road.[7]

The ultimate issue in this case is whether, on this record, a trier of fact reasonably could decide that the dog owner failed to exercise reasonable care while walking her dog. We agree with the trial court that a reasonable trier of fact could not do so.

In light of *Larobina*, however, it is not enough for the person filing a motion for summary judgment to

[7] The plaintiff also alleged in his complaint that the dog owner was negligent, in part, because she violated General Statutes § 22-362. Section 22-362 provides: "Any person owning or having the custody of any dog which *habitually* goes out on any highway and growls, bites, or snaps at, or otherwise annoys, any person or domestic animal lawfully using such highway or chases or interferes with any motor vehicle so using such highway, shall be fined not less than twenty-five nor more than fifty dollars or imprisoned not more than thirty days for the first offense or both and for each subsequent offense shall be fined not less than fifty nor more than one hundred dollars or imprisoned not more than sixty days or both." (Emphasis added.) Pursuant to this statute, it is not enough that a dog enter a public road on a single occasion. Rather, the dog's behavior must occur with designated regularity. The plaintiff does not allege that the dog in this case regularly entered Oakville Avenue or that the dog owner was charged with a violation of § 22-362. In fact, he conceded that he had never seen the dog owner's dog prior to the day of the accident.

demonstrate that, on the record as it stands, the plaintiff cannot prevail. *Larobina* v. *McDonald,* supra, 274 Conn. 401. In the absence of a waiver by the plaintiff, the person pursuing summary judgment also must demonstrate that the plaintiff is unable to remedy this defect through repleading. Id.

Under the circumstances of this case, it is clear that, even if the plaintiff were permitted to replead,[8] he would be unable to cure the legal defects in his complaint. As his dialogue with the court makes clear, he has no additional facts to allege that would put into issue any negligent act or acts of the dog owner. Accordingly, the court properly granted the dog owner's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] The plaintiff appears to have waived his right to claim on appeal that he should be allowed to replead. In *Larobina* v. *McDonald,* supra, 274 Conn. 402, our Supreme Court ruled that, when it is clear that a summary judgment motion is being used to challenge the legal sufficiency of a complaint, the nonmoving party, after failing to object to the procedure at trial, cannot later argue that the complaint is legally insufficient. By failing to object at trial, the nonmoving party waives "any objection to the use of the motion for that purpose and any claim that he should be permitted to replead." Id., 403. The plaintiff in this case did not object to the dog owner's use of a motion for summary judgment, nor did he dispute that his complaint was legally insufficient.