******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GENERAL INSURANCE COMPANY OF AMERICA
*v.* AGATHA OKEKE ET AL.
(AC 39738)

Lavine, Elgo and Harper, Js.

*Syllabus*

The plaintiff insurance company sought a declaratory judgment to determine whether it was obligated to defend and indemnify the defendant insureds, A and M, under a certain homeowner's insurance policy in connection with certain civil actions brought against them by C. The civil actions brought by C involved an incident in which M had assaulted her. The trial court, following a hearing, granted the plaintiff's motion for summary judgment, concluding that the plaintiff's claim as to M was not moot, and that the plaintiff had no duty to defend and indemnify either defendant. From the judgment rendered thereon, A and M appealed to this court. On appeal, they claimed, inter alia, that the trial court improperly determined that the plaintiff had no duty to defend and indemnify them. *Held* that the trial court properly rendered summary judgment in favor of the plaintiff, and that court having thoroughly addressed the arguments raised in this appeal, this court adopted the trial court's well reasoned memorandum of decision as a statement of the facts and the applicable law on the issues.

Argued March 5—officially released May 15, 2018

*Procedural History*

Action for a declaratory judgment to determine, inter alia, whether the plaintiff was obligated to defend or indemnify the named defendant et al. under a certain homeowner's insurance policy, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Huddleston, J.*, granted the plaintiff's motion for summary judgment and rendered judgment thereon, from which the named defendant et al. appealed to this court. *Affirmed.*

*Andrew J. Cates*, with whom were *P. Jo Anne Burgh* and, on the brief, *Sean Nourie*, for the appellants (named defendant et al.).

*Kerry R. Callahan*, with whom was *Christopher A. Klepps*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this declaratory action, the defendants Agatha Okeke and her son, Michael Okeke,[1] appeal from the summary judgment rendered by the trial court in favor of the plaintiff, General Insurance Company of America. The defendants claim that the court improperly concluded (1) that the plaintiff did not owe a duty to defend and indemnify them in certain judicial proceedings, and (2) that the plaintiff's claim against Michael was not moot. We affirm the judgment of the trial court.

This action concerns a physical altercation that allegedly occurred on January 11, 2013. As the court noted in its memorandum of decision, the defendants at all relevant times lived at 10 Morton Lane in East Hartford. Agatha purchased a homeowner's insurance policy (policy) with respect to that property from the plaintiff, which was in effect on January 11, 2013. On that date, Michael, who was fifteen years old, allegedly assaulted, stabbed, and beat Teresa Craft in her residence at 2 Morton Lane in East Hartford. Michael thereafter was arrested and charged with assault of an elderly person in the first degree in violation of General Statutes § 53a-59a and disorderly conduct in violation of General Statutes § 53a-182.[2]

Craft subsequently commenced separate civil actions against Michael and Agatha. In the action against Michael, Craft alleged causes of action for intentional assault, negligent assault, negligent infliction of emotional distress, and intentional infliction of emotional distress. All four counts were predicated on Michael's conduct in assaulting Craft on January 11, 2013. In the action against Agatha, Craft alleged negligent supervision, negligence, and negligent infliction of emotional distress. As the trial court observed, "[t]he essential allegations of liability in each of the counts are that Agatha knew or should have known that Michael was a danger to himself and others but negligently failed to supervise him and to prevent him from obtaining access to knives."

In response, Agatha contacted the plaintiff, which initially agreed to defend both actions subject to a full reservation of rights. With respect to the action against Michael, the court stated that "[a]lthough counsel retained by [the plaintiff] initially appeared . . . counsel subsequently moved to withdraw, stating that the claims against Michael were excluded under the policy and that the appearance had been filed by mistake. Permission to withdraw was granted, and Michael was subsequently defaulted for failure to appear. After a hearing in damages, Craft was awarded $407,113.03 in economic and noneconomic damages and costs against Michael. The action against Agatha remains pending . . . ." In their respective appellate briefs, the parties

both acknowledge that the plaintiff is providing Agatha with a defense in that action, subject to a reservation of rights.[3]

While those actions were pending, the plaintiff commenced this declaratory action, in which it sought a decree that it "has no duty to defend or indemnify" the defendants and that the plaintiff "may instruct [its] counsel to withdraw from" the actions brought by Craft. The defendants subsequently filed an answer and three special defenses. In their first special defense, they alleged that "the declaratory action as to [Michael] is moot and/or otherwise not justiciable" because the plaintiff had "unilaterally decided" not to defend him in the underlying action. Their second special defense alleged that the plaintiff was equitably estopped from denying coverage to Michael due to its failure to provide a defense on his behalf. In their third special defense, the defendants claimed that the plaintiff had failed to acknowledge an endorsement to the policy that allegedly amended certain exclusions contained therein.

On February 24, 2016, the plaintiff filed a motion for summary judgment. Appended to that motion were: (1) a copy of the policy; (2) copies of the complaints brought in the Superior Court by Craft against the defendants; and (3) copies of the police report and the "Petition/Information/Face Sheet—Delinquency" regarding the assault that allegedly transpired on January 11, 2013. The defendants filed an objection to that motion, which was not accompanied by any affidavits or other documentation. The court held a hearing on the motion on June 14, 2016. In its subsequent memorandum of decision, the court rejected the defendants' contention that the issue of the plaintiff's duty to defend Michael was moot. The court also determined that the plaintiff had no duty to defend or indemnify either of the defendants. From that judgment, the defendants appealed to this court.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment should be affirmed. On the facts of this case, the issues properly were resolved in the court's well reasoned memorandum of decision. See *General Ins. Co. of America* v. *Okeke*, Superior Court, judicial district of Hartford, Docket No. CV-15-6060103-S (October 3, 2016) (reprinted at 182 Conn. App. 88). We therefore adopt it as the proper statement of the relevant facts, issues, and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 311 Conn. 259, 262, 86 A.3d 463 (2014); *Pellecchia* v. *Killingly*, 147 Conn. App. 299, 301–302, 80 A.3d 931 (2013).

The judgment is affirmed.

[1] Teresa Craft, who also was named as a defendant in this action, has not

appealed from the judgment of the trial court. For clarity, we refer to Agatha Okeke and Michael Okeke individually by their first names and collectively as the defendants in this opinion.

[2] Appended to the plaintiff's motion for summary judgment was a copy of the police report prepared by the East Hartford Police Department, which states that Michael was arrested and charged with those offenses. According to that report, when officers arrived at the scene of the assault, the sixty-one year old Craft was "bleeding heavily from a head wound, and there was a large amount of blood on the floor and surrounding area. There also was a clump of hair on the floor with the blood." In her complaint against Michael, which also was appended to the plaintiff's motion for summary judgment, Craft alleged that she sustained multiple puncture wounds, lacerations, and scarring to her head and left shoulder as a result of the January 11, 2013 assault. In addition, the "Petition/Information/Face Sheet—Delinquency" that also accompanied the plaintiff's motion for summary judgment likewise states in relevant part that "[t]he Juvenile Prosecutor has reason to and does believe" that Michael committed the offenses of assault of an elderly person in the first degree and disorderly conduct. The defendants raised no objection to that documentary evidence before the trial court, which properly could consider those materials in rendering summary judgment. See *Catz* v. *Rubenstein*, 201 Conn. 39, 49, 513 A.2d 98 (1986); *Carrasquillo* v. *Carlson*, 90 Conn. App. 705, 711, 880 A.2d 904 (2005).

[3] The defendants also have included, in the appendix to their appellate brief, a copy of the appearance that was filed on behalf of Agatha on January 18, 2017, by the law firm retained by the plaintiff.

———————————————